IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV430-02-MU
(3:04CR47-MU)

TWANPRECE N. IVEY,            )
    Petitioner,            )
                    )
        v.            )            **O R D E R**
                    )
UNITED STATES OF AMERICA,     )
    Respondent.            )
_____)

**THIS MATTER** is before this Court upon an initial review of
the petitioner's "Motion To Correct Sentence And Appoint Counsel
Pursuant To §2255," filed October 12, 2006.  For the reasons
stated herein, the petitioner's Motion to Appoint Counsel will be
<u>denied</u>; and his Motion to Correct Sentence and Appoint Counsel
will be summarily <u>denied</u> and <u>dismissed</u>.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on March
22, 2004, a single-count Bill of Indictment was filed, charging
the petitioner with having been a felon in possession of two
firearms, all in violation of 18 U.S.C. §922(g).  After initially
pleading "not guilty" to that charge, on September 30, 2004, the
petitioner appeared before the Court and entered a "straight-up"
guilty plea to the subject charge.  On that occasion, the Court

conducted its standard Plea & Rule 11 proceeding, after which the Court accepted the petitioner's guilty plea.

Next, on May 11, 2005, defense counsel filed a "Motion For Downward Departure."  By that Motion, defense counsel argued, essentially, that the petitioner's federal prosecution was successive to a North Carolina prosecution on related charges; that the petitioner had received an 18-month sentence for that State conviction; and that it was the petitioner's cooperation with State authorities that actually had led to his having been subjected to the State charge in the first place.  Consequently, defense counsel asked the Court to take those matters into consideration, and impose a reduced sentence upon the petitioner.

On March 18, 2005, the "United States' Response To Defendant's Motion For Downward Departure" was filed.  According to the government, the petitioner was not being subjected to a successive prosecution because the State gun charge for which he was convicted was separate and distinct from his federal charge. That is, the government asserted that the petitioner's State conviction involved a different incident on a different date with different guns than was involved in the federal charge.  Consequently, the government asked the Court to reject the request for a downward departure.

On May 18, 2005, the Court conducted a Factual Basis & Sentencing Hearing in this case.  At the outset of that hearing, the

2

Court dealt with the petitioner's objections to the Pre-Sentence Report. In particular, the Pre-Sentence Report indicated that the petitioner had 11 criminal history points, which placed him in Criminal History Category V; that his Offense Level was 19, which level included a two-point increase under U.S. Sentencing Guidelines §2K2.1(b)(4) for the petitioner's possession of stolen firearms; and that the resulting range of imprisonment was 57 to 71 months. However, defense counsel had objected to, inter alia, the two-point enhancement under §2K2.1(b)(4), claiming that the government had not conclusively proven that the firearms were stolen. After the government conceded that issue, the Court sustained the objection, and reduced the petitioner's offense level from 19 to 17.

Next, the Court heard the parties' arguments concerning the Motion for Downward Departure, and concluded that the Motion had to be denied. Specifically, the Court agreed with the government that the instant federal case was not successive to any State charge for which the petitioner had been convicted and punished. Thus, after determining that the proper range of imprisonment for Offense Level 17 and Criminal History Category V was 46 to 57 months, the Court imposed a sentence of 46 months. At the time that the petitioner's sentence was announced, the Court expressed the opinion that such sentence was "reasonable . . . in light of [the petitioner's] record."

The petitioner did not directly appeal his conviction or sentence.  Rather, at some point the petitioner returned to the State Court and appealed one of his prior convictions to the Supreme Court of North Carolina.  On appeal, the State Supreme Court determined that the traffic stop which had led to the petitioner's convictions for carrying a concealed weapon and being a convicted felon in possession a firearm had been made without probable cause.  See North Carolina v. Ivey, 360 N.C. 562, 565-66 (2006).  Therefore, the gun was ordered suppressed, and the consolidated convictions were reversed.  Id.

Now, by the instant Motion to Correct Sentence, habeas counsel argues that the petitioner is entitled to a sentence reduction since the consolidated conviction for which he was assessed three criminal history points has been reversed, thereby reducing his Criminal History Category from V (which corresponds to 10 to 12 criminal history points), down to Category IV (which corresponds to 7 to 9 criminal history points).  Although habeas counsel is correct that the petitioner's Criminal History Category must be reduced one level, this Court has determined that the petitioner's request for a sentence reduction still must be summarily rejected.

## II.  **ANALYSIS**

1. **This Court is authorized to promptly review and dismiss any §2255 motion which does not contain a claim that entitles the petitioner to relief**.

4

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the petitioner is not entitled to any relief on his claim.

    2. **<u>Notwithstanding a reduction to Criminal History Category IV, the Court finds that the petitioner's sentence should not be reduced</u>**.

As has already been noted, the petitioner is correct that when the three points which were assessed under U.S. Sentencing Guideline §4A1.1(a) are subtracted from his 11-point criminal history total, his new total is eight; and that a score of eight criminal history points corresponds to Criminal History Category IV. However, Offense Level 17 coupled with Category IV yields a term of 37 to 46 months imprisonment, which range obviously encompasses the 46-month term which the petitioner actually received. Thus, in light of the Court's indication that a 46-month term of imprisonment was reasonable due to the petitioner's

extensive criminal history--which history still includes two
convictions for Assault on a Female, one for Possession with
intent to Sell or Deliver Cocaine, three for driving-related
offenses, as well as a plethora of other driving-related con-
victions and 19 or so cases which were voluntarily dismissed, the
Court finds no reason to reduce that sentence.

### IV.  <u>CONCLUSION</u>

The Court's initial review of the petitioner's Motion to
Correct Sentence and the relevant record evidence conclusively
shows that the petitioner is not entitled to a sentence reduc-
tion.  Therefore, Rule 4(b) of the Rules Governing Section 2255
Proceedings requires this Court to <u>dismiss</u> the instant Motion to
Correct Sentence.

### V. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  That the petitioner's Judgment and Pre-Sentence Report
be **MODIFIED**, to reflect the change in his criminal history.  In
particular, the Report should be amended to reflect that the
petitioner's May 25, 2004 convictions for Carrying a Concealed
Gun and Possession of a Firearm by a Convicted Felon have been
reversed; and both documents should be amended to reflect that
his criminal history points are 8, not 11, and that his correct
Criminal History Category is IV, not V.

2.  That the petitioner's Motion to Correct Sentence and

Appoint Counsel is summarily **DENIED and DISMISSED.**

3.   That the Clerk shall send copies of this Order to the petitioner; to <u>habeas</u> counsel; to the U.S. Attorney's Office; and to the U.S. Probation Office.

**SO ORDERED.**

Signed: October 17, 2006

Graham C. Mullen
United States District Judge